IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIFECO CAPITAL FUND II, LLC, FIFECO PROPERTIES, LLC, FIFECO PROPERTY MANAGEMENT, LLC, and MARCUS MOREHEAD,<br><br>Defendants. | CIVIL ACTION NO. |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Starstone National Insurance Company ("Starstone") shows this Honorable Court the following:

*Nature of Action*

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Starstone and the Defendants, i.e., that Starstone owes no insurance coverage obligations to any of the Defendants in connection with the claims asserted in the lawsuit styled *Marcus Morehead v. Fifeco Capital*

*Fund II, LLC, Fifeco Properties, LLC, Fifeco Property Management, LLC and John Doe Nos. 1-5*, State Court of Fulton County, Case No. 19EV004955 ("Underlying Lawsuit").

<u>Parties</u>

2. Starstone is a Delaware corporation with its principal place of business in New Jersey.

3. Defendant Fifeco Capital Fund II, LLC ("Fifeco Capital") is a Georgia limited liability company.

4. Defendant Fifeco Properties, LLC ("Fifeco Properties") is a Georgia limited liability company.

5. Defendant Fifeco Property Management, LLC ("Fifeco Property Management"), is a Georgia limited liability company. Collectively, Fifeco Capital, Fifeco Properties, and Fifeco Property Management are referred to hereafter collectively as the "Fifeco Companies."

6. Upon information and belief and publicly available information, Charles M. Fife, III is the sole member of each of the Fifeco Companies.

7. Charles M. Fife, III is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

8. Upon information and belief and publicly available information, no member of any of the Fifeco Companies is a citizen of either New Jersey or Delaware.

9. Defendant Marcus Morehead ("Morehead") is domiciled in Georgia, is a citizen of Georgia, and intends to remain a citizen of Georgia indefinitely.

*Jurisdiction and Venue*

10. Defendant Fifeco Capital is subject to personal jurisdiction and venue in this Court.

11. Defendant Fifeco Properties is subject to personal jurisdiction and venue in this Court.

12. Defendant Fifeco Property Management is subject to personal jurisdiction and venue in this Court.

13. Defendant Morehead is subject to personal jurisdiction and venue in this Court.

14. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

15. Plaintiff is a citizen of a different state than all of the Defendants.

16. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

17. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Starstone is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Starstone.

## *Background Facts*

18. Morehead filed his Complaint in the Underlying Lawsuit on September 12, 2019.

19. A true and accurate copy of that Complaint is attached hereto as Exhibit A.

20. In his Complaint and related pleadings, Morehead alleged that he was shot on January 30, 2017 during an attempted armed robbery, while on the premises of the Greens at Cascade Apartments, located at 4355 Cascade Road, Atlanta, Fulton County, Georgia ("Greens at Cascade").

21. In his Complaint, Morehead alleged that he was an invitee of Greens at Cascade at the time of that incident.

22. In his Complaint, Morehead alleged that each of the Fifeco Companies owned, occupied, operated and/or managed the premises of Greens at Cascade.

23. As of January 30, 2017, Fifeco Capital owned the Greens at Cascade business and premises.

24. As of January 30, 2017, Fifeco Property Management managed the Greens at Cascade business and premises.

25. Each of the Fifeco Companies had notice of the January 30, 2017 incident at Greens at Cascade involving Morehead on or about January 30, 2017, or shortly thereafter.

26. Each of the Fifeco Companies had notice of Morehead's claim in March of 2017, after receiving a notice of representation letter dated March 10, 2017.

27. A true and accurate copy of Morehead's notice of representation letter is attached hereto as Exhibit B.

28. Each of the Fifeco Companies gave notice of the incident and claim to Nationwide, the primary insurer for the Fifeco Companies, on March 13, 2017.

29. Starstone first received notice of the January 30, 2017 incident, and of Morehead's claim, only after Morehead filed his Complaint in the Underlying Lawsuit, in October of 2019.

30. Starstone sent the Fifeco Companies a reservation of rights letter on December 20, 2019.

31. A true and accurate copy of the Starstone reservation of rights letter to the Fifeco Companies is attached hereto as <u>Exhibit C</u>.

*Nationwide Premier Businessowners Policy*

32. Fifeco Capital and Fifeco Properties are named insureds on a "Premier Businessowners Policy" issued by Nationwide Property and Casualty Insurance Company, Policy No. ACP BPHK 3026782371 with policy period August 4, 2016 to August 4, 2017 (the "Nationwide Policy").

33. The Nationwide Policy provides that "[a]ny person . . . or any organization while acting as [a named insured's] real estate manager" shall also qualify as an Insured under the Nationwide Policy.

34. A true and accurate copy of the Nationwide Policy is attached hereto as <u>Exhibit D</u>.

35. The Nationwide Policy provides coverage for $1 million for "each occurrence" and $2 million in the aggregate.

36. The Nationwide Policy provides as follows:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. INSURING AGREEMENT**
> **a.** We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of

"bodily injury" or "property damage" to which this insurance applies.
**[…]**
**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" **[…]**
**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

37. The Nationwide Policy contains the following conditions:

**IV. LIABILITY CONDITIONS**

The following conditions apply in addition to the COMMON POLICY CONDITIONS.

**[…]**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
**a.** You and any insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include:
  **(1)** How, when and where the "occurrence" or offense took place;
  **(2)** The names and addresses of any injured persons and witnesses; and
  **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
**b.** If a claim is made or "suit" is brought against any insured, you must:
  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
  **(2)** Notify us as soon as practicable.
  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
**c.** You and any other involved insured must:
  **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
  **(2)** Authorize us to obtain records and other information;
  **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
  **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the

    insured because of injury or damage to which this insurance may also apply; and

  **(5)** Agree to be examined under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim or "suit". At our option and expense, any examination under oath may be video or audio taped as well as being recorded by stenographic record. In the event of an examination, an insured's answers must be signed.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**
No person or organization has a right under this policy:
**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
**b.** To sue us on this policy unless all of its terms have been fully complied with.

38. The Nationwide Policy contains the following definitions:

  **V. DEFINITIONS**

      […]

The following words or phrases, which appear in quotation marks throughout this Coverage Form and any of its endorsements, are defined as follows:

      […]

**13. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*Starstone National Insurance Company's*
*Following Form Excess Liability Policy*

39. Starstone, formerly known as Torus National Insurance Company, issued a Following Form Liability policy ("Policy"), with Policy Number 88274T160ALI to Fifeco Properties as the Named Insured, for the policy period of August 4, 2016 to August 4, 2017.

40.  A true and accurate copy of the Policy is attached hereto as Exhibit E.

41.  The Policy's Insuring Agreement provides in part:

**SECTION I. - COVERAGE**

**A.** We will pay on behalf of the Insured the sums in excess of the Total Limits of Underlying Policies shown in **Item 6.** of the Declarations that the Insured becomes legally obligated to pay as damages.

**B.** This Policy applies only to damages covered by the **Followed Policy** as shown in **Item 7.** of the Declarations. Except as otherwise provided by this Policy, the coverage follows the definitions, terms, conditions, limitations and exclusions of the **Followed Policy** in effect at the inception of this Policy.

**C.** This Policy applies only to damages arising out of any claim or of any occurrence likely to give rise to a claim, of which no **Responsible Insured** was aware prior to the Inception Date set forth in **Item 2.** of the Declarations, regardless of whether such **Responsible Insured** believed such claim or occurrence would involve this Policy.

**D.** Notwithstanding **A.**, **B.** and **C.** above, in no event will this Policy follow the terms, conditions, exclusions or limitations in the **Followed Policy** or provide coverage under this Policy with respect to or as a result of any of the following clauses or similar clauses in the **Followed Policy**:
**1.** Liberalization clause;
**2.** Crisis Management or Crisis Response endorsement; or
**3.** Sublimit of liability, unless coverage for such sublimit is specifically endorsed to this Policy.

**[…]**

42.  The Policy includes the following provisions:

**SECTION II. - LIMITS OF LIABILITY**

**[…]**

**B.** The Limits of Liability of this Policy will apply as follows:
**1.** This Policy applies only in excess of the Total Limits of Underlying Policies shown in **Item 6.** of the Declarations.

**[…]**

**7.** This Policy will not apply in excess of any reduced or exhausted Limits of Underlying Policies to the extent such reduction or exhaustion is caused by payment of damages that are not covered under this Policy. This provision applies whether the lack of coverage under this Policy arises:
**a.** From a difference between the terms, conditions, definitions and exclusions of this Policy and the **Underlying Policies**; or
**b.** From injury or damage occurring outside the coverage period of this Policy.

43. The Policy conditions further provide:

**SECTION VI. – CONDITIONS**

[...]

**G. REQUIRED NOTICES TO INSURER BY INSURED**
**1. Notice of Occurrence, Offense, Claim or Loss**
**[AS MODIFIED BY ENDORSEMENT]**
**a.** In the event of an occurrence, offense, claim or suit, we or our representative must receive prompt notice of the occurrence, offense, claim or suit. Include:
**(1)** How, when and where the occurrence or offense occurred;
**(2)** The insured's name and address; and
**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

The requirement for giving notice of a claim, if not satisfied by the insured within 30 days of the date of the occurrence or offense, may be satisfied by an injured third party who, as the result of such occurrence or offense, has a claim against the insured. However, in this event, notice of a claim given by an injured third party must be mailed to us.

[...]

With respect to the Notice required in Paragraphs **1.** and **2.** of this Condition **G.,** notice to an Underlying Insurer shall not constitute notice to us. Notice under this Policy shall be given to us at the appropriate address set forth in **Item 9.** of the Declarations of this Policy.

44. The Policy includes the following conditions:

**H. RESTRICTIVE AS UNDERLYING**
Notwithstanding any provision to the contrary in this Policy, including, without limitation, **SECTION I. – COVERAGE** of this Policy, if any **Underlying Policy** with limits in excess of the **Followed Policy** but underlying to this Policy (the "Intervening Policy") contains warranties, terms, conditions, exclusions or

> limitations more restrictive than the **Followed Policy**, whether on the effective date of this Policy or at any time during the Policy Period of this Policy, then this Policy shall be deemed to follow those more restrictive warranties, terms, conditions, exclusions or limitations of the Intervening Policy.

### *Declaratory Judgment*

### *Count I – Lack of Coverage*

45. Starstone seeks a declaration of rights that there is no coverage under its Policy for the claims asserted in the Underlying Lawsuit.

46. The Policy does not cover any of the claims made in the Underlying Lawsuit and will not cover any damages awarded therein, due to the failures of any insured to comply with the Starstone Policy's terms and conditions with respect to the occurrence of January 30, 2017 at Greens at Cascade.

47. Starstone was not notified promptly or as soon as practicable of the January 30, 2017 shooting at Greens at Cascade, which at that time constituted an "occurrence" under the Policy or an offense which may have resulted in a claim.

48. Starstone did not receive written notice of the occurrence or claim promptly or as soon as practicable.

49. Starstone is entitled to a declaratory judgment that none of the Fifeco Companies are covered under the Policy for the Underlying Lawsuit,

because conditions precedent for any of the Fifeco Companies to be covered under the Policy were breached, including the duties to provide timely notice.

50. Because none of the Fifeco Companies are covered, Starstone owes no duty to defend or indemnify under its Policy.

51. Starstone reserves, and explicitly does not waive, the right to raise any other coverage defenses that it may become aware of and assert them within this declaratory judgment action.

WHEREFORE, Plaintiff Starstone Insurance Company prays:

(a) That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Starstone has no duty to cover or indemnify any of the Defendants for the January 30, 2017 occurrence giving rise to the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c) For such other relief as this Court deems just and proper.

<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 6.1(C)</u>

I hereby certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 19th day of February, 2020.

                              Respectfully submitted,

                              **Bovis, Kyle, Burch & Medlin, LLC**

| | |
|---|---|
| 200 Ashford Center North | /s/ Kim M. Jackson |
| Suite 500 | Ga. State Bar No. 387420 |
| Atlanta, Georgia  30338-2668 | /s/ W. Randal Bryant |
| Tel:  (770) 391-9100 | Ga. State Bar No. 092039 |
| Fax: (770) 668-0878 | /s/ J. Jackson Harris |
| kjackson@boviskyle.com | Ga. State Bar No. 930294 |
| rbryant@boviskyle.com | |
| jharris@boviskyle.com | *Counsel for Plaintiff Starstone National Insurance Company* |